**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DAVID LEFFLER,

Plaintiff,

vs.

JUDGE DOUGLAS COLE, et al.,

Defendants.

Case No. 1:26-cv-331

Hopkins, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff brings this *pro se* action against Judge Douglas Cole, Magistrate Judge Kimberly Jolson, AUSA John Stark, Jeremiah Hayes, Donald D'Amato, and Christina Tzilos. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's amended complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be

dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are Afantastic or delusional@ in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept

all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff's complaint challenges the result in *Leffler v. Commissioner of Social Security*, Case No. 1:25-cv-68 (S.D. Ohio 2025) and alleges that defendants conspired to deprive him of Social Security disability benefits. Notably, in *Leffle*r, the District Court affirmed the decision of the ALJ denying Plaintiff's application for benefits. Plaintiff appealed the decision to the Sixth Circuit Court of Appeals. The Appeal was dismissed in July 2026. Id. at Doc. 25.

In the instant action, Plaintiff alleges that Judge Cole "affirmed" the ALJ's decision denying plaintiff's disability application. Plaintiff maintains that the affirmance was the product of collusion or a conspiracy among Judge Cole, Commissioner's counsel, and attorneys associated with the prior case. He seeks declaratory relief and substantial damages. Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

A claimant seeking judicial review of a final decision denying Social Security

benefits proceeds under 42 U.S.C. § 405(g). In that proceeding, the district court reviews the Commissioner's final decision under the standards prescribed by the Social Security Act. A party dissatisfied with the resulting district-court judgment may seek appellate review in the court of appeals. This separate action cannot be used as a vehicle to obtain reconsideration of, or appellate review over, the judgment entered in plaintiff's earlier § 405(g) case. To the extent plaintiff contends that the judgment affirming the Commissioner's decision was incorrect, the complaint fails to state a cognizable independent claim. A new civil action against the district judge and participants in the earlier case is not a substitute for an appeal from the judgment in that action.

To the extent plaintiff seeks to challenge again the denial of the same disability-benefits application adjudicated in Case No. 1:25-cv-68, his claims are also barred by claim preclusion. The doctrine of claim preclusion, sometimes referred to as *res judicata*, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982); *see also Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at *1 (6th Cir. Dec. 8, 1997). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the

same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen*, 449 U.S. at 94; *accord Federated Dept Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).[1]

As detailed above, Plaintiff's prior § 405(g) action resulted in a judgment affirming the Commissioner's denial of the benefits application at issue. Plaintiff appealed that judgment, and the Sixth Circuit dismissed the appeal. The present complaint rests on the same core transaction: the agency's denial of plaintiff's disability application and the judicial review of that denial. Plaintiff may not avoid the preclusive effect of the earlier judgment by asserting a new statutory theory or labeling his challenge a conspiracy or fraud claim.

Even if Plaintiff's claims were not precluded, Judge Cole and Judge Jolson are absolutely immune from liability for judicial acts. The complaint challenges Judge Cole's decision-making and entry of judgment in plaintiff's prior Social Security appeal. Those acts were judicial in nature and were undertaken in a case over which the Court had jurisdiction under 42 U.S.C. § 405(g). Judicial immunity is not overcome by an allegation that a judge acted erroneously, maliciously, corruptly, or pursuant to an alleged conspiracy. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (per curiam). Because plaintiff alleges neither nonjudicial conduct nor action in the clear absence of all jurisdiction, his damages claims against Judge Cole and Judge Jolson should be dismissed.

Additionally, Plaintiff's complaint form indicates that he is asserting jurisdiction pursuant to 42 U.S.C. § 1985, conspiracy to interfere with civil rights. To the extent Plaintiff seeks to assert claims under that statute, Plaintiff fails to allege any facts to

---

establish this claim. Plaintiff does not identify facts supporting an agreement or conspiracy among defendants, when or how a conspiracy was formed, or particular overt acts undertaken in furtherance of a shared unlawful objective. Nor does plaintiff plead facts showing the required discriminatory animus necessary for a claim under § 1985.

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DAVID LEFFLER,

Plaintiff,

vs.

JUDGE DOUGLAS COLE, et al.,

Defendants.

Case No. 1:26-cv-331

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).